# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO. 20-CV-24178-SCOLA/GOODMAN

5AIF MAPLE 2 LLC,

    Plaintiff,

v.

5725 LAGORCE PARTNERS LLC., et al.,

    Defendants.

_____/

### REPORT AND RECOMMENDATIONS ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND MOTION FOR SANCTIONS

Plaintiff filed a motion for remand and attorney's fees pursuant to 28 U.S.C. § 1447(c) for Defendants' alleged improper removal of a state court foreclosure action to federal court. [ECF No. 8]. Defendants filed a response in opposition, and Plaintiff filed a reply. [ECF Nos. 11; 15]. Subsequently, Plaintiff filed a motion for sanctions under Federal Rule of Civil Procedure 11 against Defendants for Defendants' improper removal. [ECF No. 20]. Defendants did not respond to the sanctions motion. United States District Judge Robert N. Scola, Jr. granted Plaintiff's motion to remand, but referred to the Undersigned Plaintiff's motion for attorney's fees pursuant to 28 U.S.C. § 1447(c) and Plaintiff's motion for sanctions under Rule 11. [ECF No. 21].

As explained below, the Undersigned **respectfully recommends** that Judge Scola

**grant** Plaintiff's motion for attorney's fees under 28 U.S.C. § 1447(c) for Defendants' improper removal here but **deny** Plaintiff's (technically unopposed) motion for sanctions under Rule 11 as duplicative to the relief it seeks in its motion for fees under 28 U.S.C § 1447(c). The two motions are substantially similar but not identical, as the sanctions motion requires a bad faith finding to be granted.

I.   **Background**

This commercial mortgage foreclosure action originated in the Eleventh Judicial Circuit in and for Miami-Dade County. As summarized by Judge Scola in the order remanding the case:

> The state court entered a final foreclosure judgment against the Defendants on January 6, 2020. (ECF No. 15, at 4.) The property was initially set for public sale on February 24, 2020, but that sale was deferred after the Defendants filed an unsuccessful motion for involuntary dismissal, or in the alternative for a new trial. (ECF No. 15, at 4.) The sale was re-set for April 1, 2020, but that sale was also deferred due to the COVID-19 pandemic. (ECF No. 15, at 4.) Upon the Plaintiff's motion to reset foreclosure sale, on August 27, 2020, the state court reset the foreclosure sale with a sale date of October 13, 2020 at 9:00 a.m. (ECF No. 15, at 5.) The order resetting the foreclosure sale was served electronically on the Defendants that same day. (ECF No. 15, at 12.) Later, on September 9, 2020, the Miami-Dade County Clerk issued a notice of judicial sale. (ECF No. 15, at 3.) On October 13, 2020 at 8:17 a.m., less than one hour before public sale was to take place, the Defendants filed their notice of removal. (ECF No. 15, at 3.)

[ECF No. 21, p. 1].

Defendants allege in their two-page notice of removal that the removal is "for Plaintiff's violation of the Federal [Coronavirus Relief and Economic Security (CARES) Act], protection against the same, and [Real Estate Settlement Procedures Act] RESPA

2

violations." [ECF No. 1, p. 1]. Plaintiff filed a motion for remand and attorney's fees pursuant to 28 U.S.C. § 1447(c). [ECF No. 8]. Plaintiff argues it its motion to remand that neither statute (the CARES Act or RESPA) would apply here because Plaintiff's loan is not an FHA-backed loan and that the removal is untimely. *Id.*

Judge Scola agreed with Plaintiff and granted Plaintiff's motion to remand, finding that the removal was untimely because it was filed more than 30 days after Defendants learned of the foreclosure sale (which they claim is the triggering event for removal). [ECF No. 21, p. 2]. Judge Scola states, "[i]ndeed, the Court finds the timing of the Defendants removal, just one hour prior to the scheduled foreclosure sale, to be highly suspect." *Id.* Further, Judge Scola noted that, even though the Court did not need to reach the issue because the Court found the removal to be untimely, "the Plaintiff advances compelling arguments which suggest that the Court may not even have subject matter jurisdiction over the instant matter pursuant to 28 U.S.C. § 1331." *Id.* at pp. 2-3.

After Judge Scola remanded this case back to state court, the foreclosure sale was set for January 25, 2020. Once again, hours before the public sale, Defendants filed a notice of removal alleging "violation of the renewed provisions of the Federal CARES ACT, recently addressed by Congress, and the protection against foreclosure and sale from the same." *5AIF Maple 2 LLC v. 5725 Lagorce Partners LLC, et al.*, United States District Court Southern District of Florida, No. 21-cv-20298, ECF No. 14. Defendants filed a motion to remand, which was granted by United States District Judge Marcia G. Cooke. *Id.* Judge

3

Cooke found that Defendants did not meet their burden to establish federal subject-matter jurisdiction under 28 U.S.C. § 1331 by merely stating there was a "violation of the renewed provisions of the Federal CARES ACT." *Id.* at p. 3. Further, Judge Cooke found the removal to be outside the 30-day window provided by 28 U.S.C. § 1446(b)(3). *Id.*

## II.     Applicable Legal Standards and Analysis

A party may remove a civil action from state court, where the district court has jurisdiction over federal law claims conferred by 28 U.S.C. § 1331, *see* 8 U.S.C. § 1441(c). "On a motion to remand, the removing party shoulders the burden of establishing federal subject-matter jurisdiction." *Bowling v. U.S. Bank Nat'l Ass'n, As Tr. for C-Bass Mortg. Loan Asset-Backed Certificates, Series 2007-SP2*, 963 F.3d 1030, 1034 (11th Cir. 2020). Removal jurisdiction should be construed "narrowly and resolve any doubts regarding the existence of federal jurisdiction in favor of the non-removing party[.]" *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).

If a case is not initially removable, a defendant may file a notice of removal "within 30 days after receipt [. . .] of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "[F]ailure to comply with the time limitation will usually bar removal and result in remand." *MSPA Claims 1, LLC v. Allstate Ins. Co.*, No. 16-21148-CIV, 2016 WL 11214705, at *2 (S.D. Fla. July 7, 2016) (citing *Ware v. Fleetboston Fin. Corp.*, 180 F. App'x 59, 62 (11th Cir. 2006)).

4

Under 28 U.S.C. § 1447(c), a removing party may face fees and costs incurred due to the case being remanded back to state court. 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Moreover, "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.*

Additionally, "[i]t is obvious that any party who files any paper in a federal court should assess his exposure to Rule 11 sanctions [including] when a removal notice is about to be filed." *Hajdasz v. Magic Burgers, LLC*, No. 618CV1755ORL22KRS, 2018 WL 7436133, at *3 (M.D. Fla. Dec. 10, 2018). Rule 11 sanctions are properly assessed "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Burgos v. Option One Mortg. Corp.*, 786 F. App'x 231, 233 (11th Cir. 2019) (citing *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996)). And, "[t]he goal of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers."

5

*Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001) (internal citation omitted).

The inquiry for attorney's fees under § 1447(c) and sanctions under Rule 11 is similar, i.e., whether the removing party had a reasonable factual basis for removing the case to federal court. However, attorney's fees under § 1447(c) **do not require a finding of bad faith**. *See, e.g.*, *Hajdasz*, 2018 WL 7436133, at *3 ("[T[he risk of having to pay attorney's fees under § 1447(c) is, and should be, substantially greater than the risk of being hit with a Rule 11 sanction."); *Kennedy v. Health Options, Inc.*, 329 F. Supp. 2d 1314, 1319 (S.D. Fla. 2004) ("[I]t is clear that plaintiffs need not prove bad faith removal under 28 U.S.C. § 1447(c) to be awarded attorney's fees . . ."); *Tran v. Waste Mgmt., Inc.*, 290 F. Supp. 2d 1286, 1295 (M.D. Fla. 2003) (internal citation omitted) ("[A] showing of bad faith is not necessary as a predicate to the award of attorney's fees under 28 U.S.C. § 1447(c)."); *Burgos v. Option One Mortg. Corp.*, 786 F. App'x 231, 233 (11th Cir. 2019) (affirming district court's order denying a motion for Rule 11 sanctions where the district court found removal was not frivolous or done in bad faith).

As discussed above, Judge Scola has already determined that Defendant's notice of removal was untimely and "highly suspect." [ECF No. 21, p. 2]. Additionally, the Undersigned finds that Defendants did not establish federal subject-matter jurisdiction under 28 U.S.C. § 1331. Defendants state in their notice of removal that, "Defendants file this Notice of Removal for Plaintiff's violation of the Federal CARES ACT protection against the same, and RESPA violations." [ECF No. 1, p. 1]. Defendants do not dispute

6

Plaintiff's allegation that, before the removal, Defendants never raised violations of the CARES Act or RESPA as affirmative defenses or counterclaims.

In their response to the motion to remand, Defendants elaborate on the alleged RESPA and CARES Act violations that they claim create federal subject-matter jurisdiction here. First, Defendants argue that Plaintiff violated 12 C.F.R. § 1024.41(g) of RESPA, regarding providing the borrower with a loss mitigation option. [ECF No. 11].

Second, Defendants argue that Plaintiff violated:

> [T]he United States Department of Housing and Urban Development's August 27, 2020 Mortgagee Letter 2020-27, allowing for a third extension of the foreclosure and eviction moratorium for homeowners through year end, December 31, 2020, regulating residential real property, which preempts state law, by moving for a foreclosure judgment or order of sale, on September 30, 2020, and October 7, 2020.

*Id.* at p. 3. Defendants attach a copy of the Mortgagee Letter, which provides that the FHA extended its foreclosure and eviction moratorium for "**homeowners** with FHA-insured **single family mortgages** covered under the . . . CARES Act." [ECF No. 11-3 (emphasis added)].

However, the subject loan is a private, business purpose loan secured by a California corporation, not an individual borrower, and has never been FHA-insured. *See* ECF No. 15-1, p. 1, Affidavit Concerning Business Purpose and Non-Owner Occupancy (stating that Defendants were acquiring the loan for business purposes only and certifying that the property is not Defendants' residence and that Defendants have no intention of ever occupying the property). Accordingly, the foreclosure and eviction

7

moratorium would not apply to the subject loan here.

Similarly, RESPA does not apply to business purpose loans. See *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1247 (11th Cir. 2016) ("RESPA does not apply to investment loans like those at issue in this case . . ."); *Ford v. Cent. Loan Admin.*, No. CIV-11-0017-WS-C, 2011 WL 4702912, at *4 (S.D. Ala. Oct. 5, 2011) ("Numerous courts have held that RESPA has no application to credit transactions for investment or rental properties.").

Because these statutory provisions do not apply to business purpose loans, the Undersigned finds that Defendants also lacked an objectively reasonable basis for seeking removal based on federal subject-matter jurisdiction under RESPA and the CARES Act. Additionally, the Undersigned finds that the removal's timing is highly suspect and appears to be a tactic to delay the foreclosure sale. Thus, Plaintiff is entitled to its attorney's fees under § 1447(c) against the Defendants. *See Accredited Home Lenders, Inc. v. Santos*, No. 6:10-CV-1562-ORL-KRS, 2010 WL 4612352, at *2 (M.D. Fla. Nov. 16, 2010) (granting request for attorney's fees where removing party repeatedly removed to federal court to delay foreclosure sale in state court proceeding); *Wells Fargo Bank, N.A. v. Kelly*, No. 608CV-1555-ORL-28GJK, 2009 WL 485173, at *1 (M.D. Fla. Feb. 25, 2009) (awarding attorney's fees and costs associated with removal where defendant in foreclosure action removed the case two times to federal court to delay the foreclosure sale).

Further, although there is a passing reference in Plaintiff's reply that Defendants'

*counsel* should also be responsible for these attorney's fees under § 1447(c), Plaintiff does not provide any legal support for this argument, and it appears to be unsupported. *See In re Crescent City Ests., LLC*, 588 F.3d 822, 827 (4th Cir. 2009) ("The most natural reading of § 1447(c) is that it applies solely to litigants, who have a genuine stake in whether or not the case is remanded—and not to attorneys, who may not even remain involved in the case post-remand."); *see also Mortg. Elec. Registration Sys., Inc. v. Malugen*, No. 6:11-CV-2033-ORL-22, 2012 WL 1382265, at *9 (M.D. Fla. Apr. 3, 2012) ("The Court finds the Fourth Circuit's in-depth analysis in *In re Crescent City Estates, LLC*, 588 F.3d 822, is persuasive authority that an award of fees under Section 1447(c) may only be imposed against the party and not the party's attorney.").

Plaintiff seeks attorney's fees against only Defendants in its Rule 11 sanctions motion -- i.e., it does not also seek fees against defense counsel.[1] Because the Undersigned is already recommending that Plaintiff be awarded its attorney's fees incurred in handling this improper removal, the Undersigned need not determine whether

---

[1]    Plaintiff does not specify what specific sanctions it is seeking against Defendants in its Rule 11 sanctions motion. Presumably, because the case has now been remanded back to state court, awarding fees for Plaintiff's counsel's work in this case would be the only remaining remedy for Plaintiff here. *See Hajdasz,* 2018 WL 7436133, at *14 (citing *Worldwide Primates*, 26 F.3d at 1091) ("Rule 11 'does not apply to pleadings filed before removal' in the state court."). However, "[a]ny amount awarded by this Court does not preclude any additional award of attorney's fees, costs, or any other sanction to be determined by the state court for the parties' actions taken in the state court or any attorney work performed in the state court." *Hajdasz,* 2018 WL 7436133, at *15.

Defendants' removal here also satisfies the more-heightened requirements of Rule 11.

But Defendants' counsel, Julio Cesar Marrero, is expressly on notice that these tactics are improper. Thus, he is now aware that a subsequent and similar objectively unreasonable removal would likely reflect a *pattern* of bad faith behavior on his part and could justify a sanctions award against Mr. Marrero personally.

### III.     Conclusion

For the reasons discussed above, the Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's motion for attorney's fees and costs pursuant to 28 U.S.C § 1447(c), with the specific amount to be determined after Plaintiff files a motion for attorney's fees and costs, which must include counsel's time records. The Undersigned **respectfully recommends** that the District Court **deny** Plaintiff's motion for sanctions as duplicative to the relief it seeks in its motion for fees under 28 U.S.C § 1447(c).

### IV.     Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Robert N. Scola, Jr. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error

if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on April 15, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record