United States District Court
for the
Southern District of Florida

| | |
|---|---|
| 5AIF Maple 2 LLC, Plaintiff,<br><br>v.<br><br>5725 Lagorce Partners LLC and<br>Mark Kreisler, Defendant. | )<br>)<br>)<br>) Civil Action No. 20-24178-Civ-Scola<br>)<br>)<br>) |

### Order

This matter is before the Court upon Plaintiff 5AIF Maple 2 LLC's objections to United States Magistrate Judge's report and recommendation on Plaintiff's motion for attorney's fees and motion for sanctions. For the reasons stated below, the Court **sustains** the Plaintiff's objections (**ECF No. 26**), and finds sanctions are warranted pursuant to Federal Rule 11, but **affirms and adopts** the Magistrate Judge's report in all other respects as the Court finds it to be cogent and compelling (**ECF No. 25**). Accordingly, the Court **grants** the Plaintiff's motions for attorney's fees and costs (**ECF No. 8**) and for Rule 11 sanctions (**ECF No. 20**).

In order to challenge the findings and recommendations of a magistrate judge, "a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir.1989)) (alterations omitted). The objections must also present supporting legal authority. Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783-84 (quoting *Heath*, 863 F.2d at 822) (alterations omitted). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Id.* at 784 (quoting *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009).

In its objection, the Plaintiff states that it "agrees with the Magistrate Judge's stated factual background and applicable legal standards and generally agrees [with] the Magistrate Judge's legal analysis," but the "Plaintiff disagrees

with the Magistrate Judge's conclusion" to deny the Plaintiff's motion for Rule 11 sanctions. (ECF No. 26, at 1.) Accordingly, it appears that the Plaintiff agrees that the Magistrate Judge correctly set forth the pertinent facts and law, but believes when the facts are applied to the law, a different result should be reached.

The Magistrate Judge, the undersigned and other judges in this District have found that Mr. Marrero has engaged in concerning practices involving the removal of foreclosure actions shortly before the scheduled sale as "a tactic do delay the foreclosure sale." (ECF No. 25, at 8.) Consistent with this, Magistrate Judge Goodman stated in his report that "Defendants' counsel, Julio Cesar Marrero, is expressly on notice that these tactics are improper" and said further instances of the same conduct "would likely reflect *a pattern* of bad faith behavior . . . and could justify a sanctions award." (ECF No. 25, at 10 (emphasis in original).) Having considered counsel's actions before this Court and in this District, the Court finds that a pattern of bad faith behavior has already been established.

The Court recounts below a non-exhaustive list of instances where judges in this District have identified similar concerning removals that appear to have been undertaken solely to delay foreclosure sales. For instance, after the Court entered its order remanding this matter back to state court, Defendants' counsel again removed this matter "hours before the public sale." ECF No. 14, *5AIF Maple 2 LLC v. 5725 Lagorce Partners LLC*, 21-20298-Civ (S.D. Fla. April 6, 2021) (Cooke, J.). Upon removal, the matter was assigned to Judge Cooke. In her opinion remanding this matter to state court a second time, Judge Cooke noted "this case appears to be part of a pattern of similar attempts by Defendants' attorney, Mr. Julio Cesar Marrero, to file threadbare removal actions in an apparent effort to delay foreclosure sales." *Id.* Indeed, in a March 11, 2021 opinion, Judge Bloom found that Defendants' counsel "improperly removed this action as yet *another* attempt to stall the foreclosure sale." *TCM Finance, LLC v. Conategi, LLC*, 21-20640-Civ, 2021 WL 925516, at *3 (S.D. Fla. March 11, 2021) (Bloom, J.) (emphasis in original). In her opinion, Judge Bloom detailed five other instances of improper removal by Defendants' counsel, including this case, where she found Defendants' counsel engaged in similar delay tactics regarding foreclosure sales. *Id.* Chief Judge Moore also identified similar conduct by the Defendants' counsel. In an April 5, 2021 opinion, Chief Judge Moore granted the Plaintiff's motion to remand where the Plaintiff argued the Defendant's removal was merely a "ploy to stall a 'foreclosure sale'" set by the state court. *MJM Structural Corp. v. Columbus Apts., LLC*, No. 21-20631-Civ, 2021 WL 1762185, at *2-3 (S.D. Fla. April 5, 2021) (Moore, J.). In his opinion, Chief Judge Moore referred Defendants' counsel to "the Committee on Attorney Admissions, Peer

Review, and Attorney Grievance for investigation of his actions in this case, in addition to *Black River Partners I, LLC v. Conategi, LLC*, No. 1:21-cv-20912-KMM, (S.D. Fla. Mar. 30, 2021) (ECF No. 8)." *Id.*, at *3. The case mentioned in *MJM*, *Black River Partners*, was another case before Chief Judge Moore where the Defendants' counsel again appeared to improperly remove an action to delay a foreclosure sale. In his opinion remanding that matter to state court, Chief Judge Moore stated "the Court recognizes that this is not [Defendants' counsel's] first attempt to use removal tactics in order to forestall state court proceedings." ECF No. 8, *Black River Partners I, LLC v. Conategi, LLC*, No. 1:21-cv-20912-KMM, (S.D. Fla. Mar. 30, 2021) (Moore, J.). Accordingly, the Court finds that the Defendants' counsel, Julio Cesar Marrero, is engaged in bad faith tactics, aimed at delaying foreclosure sales without a basis to do so, and it is for this conduct that Mr. Marrero is being sanctioned pursuant to Federal Rule 11. Despite numerous warnings from judges in this District, Mr. Marrero appears undeterred in his conduct.

The Court also finds that it is procedurally proper to grant the Plaintiff's sanctions request as the Plaintiff has complied with Rule 11's procedural requirements. Under Federal Rule of Civil Procedure 11, a party may move for sanctions where: there has been a violation of Rule 11(b), they have served their Rule 11 motion on opposing counsel, and they gave 21 days for the challenged paper to be "withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(2). The Plaintiff states that it served its rule 11 motion on Defendants on October 21, 2020, and waited 21 days to file its motion on the docket and in that time the Defendants did not withdraw or correct their notice of removal. (ECF No. 20, at 6.) Accordingly, it appears the Plaintiff has satisfied all necessary requirements prior to filing its sanctions motion pursuant to Federal Rule 11(c)(2).

Based on the above, the Court **sustains** the Plaintiff's objection to the Magistrate Judge's report. (**ECF No. 25**.) The Court finds that Rule 11 sanctions are warranted, and therefore Defendants' counsel and his law firm, Marrero, Chamizo, Marcer Law, LP, shall be held jointly and severally liable with the Defendants for any fees and costs the Plaintiff incurred contesting removal in an amount to be determined by the Court. The Plaintiff may also recover from Mr. Marrero and his firm any fees incurred in bringing this Rule 11 motion. *See* Fed. R. Civ. P. 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.") To allow the Court to determine the amount due to Plaintiff, the Court orders the Plaintiff to file a motion for attorney's fees and costs, together with supporting records, by **May 24, 2021**. Based on this order and Magistrate Judge Goodman's report, the Court **grants** the Plaintiff's motions for attorney's fees and costs (**ECF No. 8**) and for Rule 11 sanctions (**ECF No. 20**).

**Done and ordered**, at Miami, Florida, on May 14, 2021.

                              _____
                              Robert N. Scola, Jr.
                              United States District Judge