# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 20-CV-24178-SCOLA/GOODMAN

5AIF MAPLE 2 LLC,

      Plaintiff,

v.

5725 LAGORCE PARTNERS LLC., et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATIONS ON PLAINTIFF'S
## MOTION FOR ATTORNEY'S FEES

Plaintiff previously filed a motion for entitlement to attorney's fees pursuant to 28 U.S.C. § 1447(c) for Defendants' alleged improper removal of a state court foreclosure action to federal court [ECF No. 8] and a motion for sanctions under Federal Rule of Civil Procedure 11 against Defendants' counsel [ECF No. 20]. The District Court granted Plaintiff's two motions and ordered Plaintiff to file "a motion for attorney's fees and costs, together with supporting records[.]" [ECF No. 27]. Plaintiff filed the required motion and supporting records. [ECF No. 28; 28-1]. Defendants never filed a response and the time to do so has passed. United States District Judge Robert N. Scola, Jr. referred the motion to the Undersigned. [ECF No. 29].

As explained below, the Undersigned **respectfully recommends** that Judge Scola

**grant** Plaintiff's motion for attorney's fees.

## I.    Background

This commercial mortgage foreclosure action originated in the Eleventh Judicial Circuit in and for Miami-Dade County. As summarized by Judge Scola in the order remanding the case:

> The state court entered a final foreclosure judgment against the Defendants on January 6, 2020. (ECF No. 15, at 4.) The property was initially set for public sale on February 24, 2020, but that sale was deferred after the Defendants filed an unsuccessful motion for involuntary dismissal, or in the alternative for a new trial. (ECF No. 15, at 4.) The sale was re-set for April 1, 2020, but that sale was also deferred due to the COVID-19 pandemic. (ECF No. 15, at 4.) Upon the Plaintiff's motion to reset foreclosure sale, on August 27, 2020, the state court reset the foreclosure sale with a sale date of October 13, 2020 at 9:00 a.m. (ECF No. 15, at 5.) The order resetting the foreclosure sale was served electronically on the Defendants that same day. (ECF No. 15, at 12.) Later, on September 9, 2020, the Miami-Dade County Clerk issued a notice of judicial sale. (ECF No. 15, at 3.) On October 13, 2020 at 8:17 a.m., less than one hour before public sale was to take place, the Defendants filed their notice of removal. (ECF No. 15, at 3.)

[ECF No. 21, p. 1].

Defendants allege in their two-page notice of removal that the removal is "for Plaintiff's violation of the Federal [Coronavirus Relief and Economic Security (CARES) Act], protection against the same, and [Real Estate Settlement Procedures Act] RESPA violations." [ECF No. 1, p. 1]. Plaintiff filed a motion for remand and attorney's fees pursuant to 28 U.S.C. § 1447(c). [ECF No. 8]. Plaintiff argues it its motion to remand that neither statute (the CARES Act or RESPA) would apply here because Plaintiff's loan is not an FHA-backed loan and that the removal is untimely. *Id.*

Judge Scola agreed with Plaintiff and granted Plaintiff's motion to remand, finding that the removal was untimely because it was filed more than 30 days after Defendants learned of the foreclosure sale (which they claim is the triggering event for removal). [ECF No. 21, p. 2]. Judge Scola states, "[i]ndeed, the Court finds the timing of the Defendants removal, just one hour prior to the scheduled foreclosure sale, to be highly suspect." *Id.* Further, Judge Scola noted that, even though the Court did not need to reach the issue because the Court found the removal to be untimely, "the Plaintiff advances compelling arguments which suggest that the Court may not even have subject matter jurisdiction over the instant matter pursuant to 28 U.S.C. § 1331." *Id.* at pp. 2-3.

After Judge Scola remanded this case back to state court, the foreclosure sale was set for January 25, 2021. Once again, hours before the public sale, Defendants filed a notice of removal alleging "violation of the renewed provisions of the Federal CARES ACT, recently addressed by Congress, and the protection against foreclosure and sale from the same." *5AIF Maple 2 LLC v. 5725 Lagorce Partners LLC, et al.,* United States District Court Southern District of Florida, No. 21-cv-20298, ECF No. 14. Defendants filed a motion to remand, which was granted by United States District Judge Marcia G. Cooke. *Id.* Judge Cooke found that Defendants did not meet their burden to establish federal subject-matter jurisdiction under 28 U.S.C. § 1331 by merely stating there was a "violation of the renewed provisions of the Federal CARES ACT." *Id.* at p. 3. Further, Judge Cooke found the removal to be outside the 30-day window provided by 28 U.S.C. § 1446(b)(3). *Id.*

Based on Defendants' conduct and repeated removals, Judge Scola granted Plaintiff's motion for attorney's fees *and* its motion for Rule 11 Sanctions, stating

> the Court finds that the Defendants' counsel, Julio Cesar Marrero, is engaged in bad faith tactics, aimed at delaying foreclosure sales without a basis to do so, and it is for this conduct that Mr. Marrero is being sanctioned pursuant to Federal Rule 11. Despite numerous warnings from judges in this District, Mr. Marrero appears undeterred in his conduct.

[ECF No. 27].

As sanctions, the District Court ordered that Defendant's counsel and his law firm, Marrero, Chamizo, Marcer Law, LP, are jointly and severally liable with Defendants for any fees Plaintiff incurred contesting the removal. *Id.* It further ordered that Plaintiff could recover from Mr. Marrero and his firm any fees incurred in bringing the Rule 11 motion. *Id.*

## II.    Applicable Legal Standards and Analysis

The issue of attorney fee entitlement has already been addressed and decided in Plaintiff's favor. Thus, the only issue before the Undersigned is the *amount* of fees to which Plaintiff is entitled.

Plaintiff seeks $6,650.00 in fees based on 26.6 hours of work by three attorneys, who each charge $250.00 an hour. Local Rule 7.3(a) lists the information required in a motion for attorney's fees. Plaintiff's motion complies, in large part, with Local Rule 7.3(a)'s requirements. The only deficiency in Plaintiff's motion is the lack of a conferral notice, as required by Local Rule 7.3(a)(8).

However, the circumstances surrounding the underlying proceeding, the Court's Order [ECF No. 27], and the relevant pleadings all weigh in favor of forgiving this deficiency. To begin with, there has already been litigation surrounding the *entitlement* to attorney's fees, which is what Local Rule 7.3(a) is meant, in part, to address. Next, the Court's Order [ECF No. 27], provided Plaintiff with only six days to file the motion, rendering compliance with Local Rule 7.3(b)'s fulsome conferral requirement impossible. Finally, Defendants have not responded to Plaintiff's motion and have therefore not raised any argument that they were prejudiced by this deficiency.

Because this deficiency requires no remedy and Plaintiff has complied with Local Rule 7.3(a)'s remaining requirements, the Undersigned turns next to the merits of Plaintiff's request.

First, the Undersigned finds the requested $250.00 hourly rate for attorneys Evan R. Raymond, Harris S. Howard, and Shakiva L. Brown to be reasonable. According to Raymond's verification, each attorney has been lead counsel on numerous foreclosure cases and all have more than seven years of experience. The Court is deemed an expert on the issue of attorneys' fees and rates and "may consider its own knowledge and experience concerning reasonable and proper fees." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). Based on the Undersigned's knowledge of the prevailing market rate in this District and the fact that other courts in this District have awarded higher hourly rates for attorneys with less experience, the Undersigned

finds no reason to discount any of the three attorneys' hourly rates. *Reiffer v. Active Certification Servs. LLC*, No. 1:21-CV-20177, 2021 WL 5772166, at *4 (S.D. Fla. Nov. 8, 2021) ("[T]he requested rate of $350 per hour is reasonable for an associate who was admitted to the Florida Bar in 2016.").

Next, the Undersigned finds the hours expended to be reasonable given the litigation in the case. In this case, Plaintiff filed two substantive motions, a reply to one of its motions, and objections to findings by the Court. In total, Plaintiff's billing sheet reveals it spent 26.6 hours dealing with these matters, which is not an unreasonable amount of time. Defendants, by not filing a response to Plaintiff's motion, have also not objected to Plaintiff's billing entries or submitted their own entries for comparison.

Finally, all of the entries submitted by Plaintiff fall within the areas in which the Court ordered Plaintiff was permitted to recover fees (i.e., contesting the improper removal and seeking Rule 11 sanctions).

Because the Court ordered that Defendants and Defendants' counsel are jointly and severally liable on fees incurred contesting the removal and only Defendants' counsel is liable on fees incurred seeking Rule 11 sanctions, it is necessary for the Undersigned to separate the fee request based on task. A review of Plaintiff's submitted invoice reveals four entries related exclusively to the Rule 11 Sanctions:

1. Prepare Initial Draft of Rule 11 Motion (1.1)

2. Correspondence with Borrower's counsel to serve our Motion for Rule 11(c) Sanctions (.2)

6

   3.  Finalize and filed our Motion for Rule 11 Sanctions after Defendants failed to comply with initially served Motion; correspondence with client and Defendants' counsel to update re: same (.4)

   4.  Preparing our Objections to Magistrate Judge's Report and Recommendations on Plaintiff's Motion for Attorney's Fees and Motion for Sanctions; conduct legal research in preparing same. (2.3)[1]

[ECF No. 28].

Therefore, of the requested fees, $1,000.00 relates to only Plaintiff's pursuit of sanctions against Defendants' counsel and is recoverable against only Defendants' *counsel*. The remainder is recoverable against both Defendants and Defendants' counsel who are jointly and severally liable.

### III.     Conclusion

For the reasons discussed above, the Undersigned **respectfully recommends** that the District Court **grant** Plaintiff's motion for attorney's fees and award it $6,650.00 in fees. The Undersigned further **respectfully recommends** that $5,650.00 be recoverable against Defendants, who will be jointly and severally liable with Defendants' counsel, and that the remaining $1,000.00 be recoverable against only Defendants' counsel.

### IV.     Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with

---

[1]     This entry relates exclusively to Rule 11 Sanctions because that was the only Objection raised by Plaintiff [ECF No. 26].

United States District Judge Robert N. Scola, Jr. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

   **RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on December 29, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE


**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record